# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 21-06006-01-CR-SJ |
| | ) | |
| GARLAND JOSEPH NELSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OVERRULING OBJECTION, ADOPTING REPORT AND RECOMMENDATION, AND DENYING DEFENDANT'S MOTION TO SUPPRESS

On July 26, 2019, Defendant Garland Joseph Nelson was charged with and arrested for first-degree tampering with a motor vehicle, a Missouri criminal offense. Subsequently, he, by superseding indictment, was charged with two federal criminal offenses: mail fraud and being a felon in possession of a firearm as well as ammunition. (Doc. 23.) Defendant filed a Motion to Suppress. (Doc. 31.) He argues the probable cause affidavit leading to the warrant underlying his above arrest was misleading and omitted relevant facts. (Doc. 31.) More precisely, he posits the affidavit (1) improperly suggested an individual who operates a vehicle while not listed on the rental agreement commits first-degree tampering with a motor vehicle and (2) omitting information Defendant received permission to drive the vehicle the day before the alleged offense was misleading. (Doc. 31.) Thus, Defendant contends, certain statements made in interviews after the arrest must be suppressed. (Doc. 31.) The Honorable W. Brian Gaddy, United States Magistrate Judge for this District, held a hearing on July 22, 2022. (Doc. 36.) He issued a Report, recommending a denial of the motion. (Doc. 39.) Defendant objects to the Report. (Doc. 44.)

The Court has conducted a de novo review as required by 28 U.S.C. § 636(b)(1). In particular, the Court has reviewed the parties' pre-hearing submissions, the transcript and exhibits

from the hearing, and Defendant's objection. Having conducted this review, the Court **OVERRULES** Defendant's objection, **ADOPTS** the Report as its Order, and **DENIES** the Motion to Suppress. The following discussion is intended to augment, not supplant, the Report's recommended findings and conclusions.

## I. BACKGROUND

While the Court adopts the Report's recommended factual findings *in toto*, a summary is necessary for purposes of the present discussion. On July 21, 2019, the Caldwell County, Missouri Sheriff's Department opened a missing persons case regarding Justin Diemel and Nicholas Diemel (collectively, the "Diemels"). Later, Deputy Ryley Horinek spoke with Defendant, as the Diemels had traveled to Missouri to obtain a check for cattle from him. After Deputy Horinek inquired about the Diemels, Defendant explained they visited his residence on July 20. He also stated he, the Diemels, and another individual drove around the property in the Diemels' rental vehicle on July 21 before Defendant was dropped off at a different location.

On July 22, the Diemel's rental truck was found abandoned in a commuter parking lot. The keys were in the ignition, and the vehicle was unattended. Sergeant Tony Kirkendoll, after providing *Miranda* warnings and obtaining a waiver, spoke with Defendant on July 23. Defendant indicated that, on the afternoon of July 20, he and the Diemels drove to various locations in the Diemels' rental truck. Defendant advised he drove a part of the time. He said the Diemels and another person arrived at the farm on the morning of July 21. (Doc. 31-2 p. 1-2.) According to Defendant, those three individuals stayed for a couple of hours, left, returned after Defendant requested a ride, and dropped him off at a different property.

On July 24, Sergeant Kirkendoll again spoke with Defendant, who was informed of and waived his *Miranda* rights. Defendant reaffirmed he operated the rental truck a portion of the time

as he and the Diemels visited various locations on July 20. He then stated that, at his property on July 21, three individuals held the Diemels at gunpoint. Defendant said one of those individuals told him to drive the Diemels' rental truck to a commuter parking lot, and he did so. He did not indicate he received permission from the Diemels'—specifically, Nicholas—to drive the vehicle.

On July 26, Deputy Sheriff Dennis Lund completed an affidavit, which stated he had probable cause to believe Defendant committed first-degree tampering with a motor vehicle. Sergeant Kirkendoll conveyed pertinent information to Deputy Lund, who provided the following supporting facts: (1) a missing persons case regarding the Diemels was opened on July 21; (2) Nicholas Diemel had rented a truck; (3) the vehicle, on July 22, was discovered at a commuter parking lot with the keys in the ignition and unattended; (4) Defendant, during the July 23 interview, admitted to driving the rental truck to the commuter lot; (5) Lund received a copy of the Rental Agreement, in which Nicholas Diemel was listed as the only authorized driver; (6) GPS information from the rental truck showed that, on July 21, the vehicle left a hotel, arrived at Defendant's farm, and later left the farm; (7) hotel records indicated the Diemels drove the vehicle from the hotel to Defendant's farm; (8) video surveillance footage showed that, after the vehicle left the farm, it was operated by an individual with no one in the passenger seat; and (9) the rental truck, left running and with its lights on, later arrived at the commuter lot, where Defendant admitted he left it. As a result of all this, Deputy Lund believed Defendant drove the rental truck without Nicholas Diemel's or the rental company's permission.

Based on Deputy Lund's probable cause affidavit, Defendant was charged with first-degree tampering with a motor vehicle, and an arrest warrant was issued by the Circuit Court of Caldwell County. Meanwhile, Sergeant Kirkendoll conducted another interview of Defendant. At its conclusion, Defendant was arrested. Thereafter, on July 30 and August 6, Defendant was

interviewed by law enforcement personnel. Defendant was informed of, understood, and waived his *Miranda* rights. During these interviews, Defendant made statements, which the Government would like to use at trial in the case at bar. Defendant, however, contends these statements should be suppressed because they were the product of an illegal arrest.

Additional facts will be discussed as necessary in Part II of this Order.

## **II. DISCUSSION**

Pursuant to the Fourth Amendment, "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. The framework for evaluating Defendant's Motion to Suppress, which challenges the validity of Deputy Lund's probable cause affidavit, is provided by *Franks v. Delaware*, 438 U.S. 154 (1978). There, the Supreme Court "'held that a facially sufficient affidavit [supporting a search warrant] may be challenged on the ground that it used deliberately or recklessly false statements to demonstrate probable cause.'" *Hawkins v. Gage Cnty., Neb.*, 759 F.3d 951, 958 (8th Cir. 2014) (alteration in original) (quoting *United States v. Smith*, 581 F.3d 692, 695 (8th Cir. 2009)). "This rule applies equally to an affidavit supporting an arrest warrant[.]" *Id.*

The Court must decide whether Defendant has established (1) he is entitled to a *Franks* hearing and (2) a *Franks* violation occurred. *See Franks*, 438 U.S. at 171-72 (detailing the showing necessary to obtain a hearing but noting "[w]hether [the defendant] will prevail at that hearing is, of course, another issue"). Regarding the first concern, the "defendant must make a substantial preliminary showing that there was an intentional or reckless false statement or omission which was necessary to the finding of probable cause, a requirement which is 'not easily met.'" *United States v. Snyder*, 511 F.3d 813, 816 (8th Cir. 2008) (quoting *United States v. Gabrio*, 295 F.3d

880, 883 (8th Cir. 2002)). To establish a *Franks* violation for the inclusion of false statement, a defendant must demonstrate (1) the affiant knowingly and intentionally, or with reckless disregard for the truth, included such material and (2) probable cause cannot be established upon exclusion of the statement at issue. *United States v. Butler*, 594 F.3d 955, 960 (8th Cir. 2010). For an omission, a defendant must show "(1) that facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading; and (2) that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause." *United States v. Reed*, 921 F.3d 751, 756 (8th Cir. 2019) (quoting *United States v. Conant*, 799 F.3d 1195, 1200 (8th Cir. 2015)).

Defendant attacks Deputy Lund's probable cause affidavit on two bases. First, he argues it improperly suggested an individual who operates a vehicle while not listed on the rental agreement commits first-degree tampering with a motor vehicle. Second, he asserts omitting information Defendant received permission to drive the vehicle when the Diemels and Defendant were driving together on July 20 was misleading. Because Defendant's contentions are unconvincing, he has not established that he is entitled to a *Franks* hearing or that a *Franks* violation occurred.

Deputy Lund did not suggest individuals who operate a rental vehicle without being listed on the rental agreement commit a criminal offense. In Missouri, tampering occurs when one operates a vehicle without consent from the owner, *see* MO. REV. STAT. § 569.080.1(2), or a person who was entitled to exclusive use and possession of the vehicle at the time of the tampering, *see State v. White*, 947 S.W.2d 101, 103 (Mo. Ct. App. 1997) (finding an absence of consent can be proven by testimony of such an individual). Admittedly, Deputy Lund, in his probable cause affidavit, noted Nicholas Diemel was listed as the "only authorized driver" on the rental agreement.

5

He, however, also averred Defendant drove the rental truck without Nicholas Diemel's or the rental company's permission, which properly accounted for the possible sources of consent. Therefore, Deputy Lund did not determine Defendant committed first-degree tampering with a motor vehicle simply because he operated the rental truck without being listed as an authorized driver.

Deputy Lund's failure to mention the events of July 20 also was not misleading. The probable cause affidavit focused on July 21. Defendant's statements do not establish he received permission to drive the vehicle on that day. Instead, they show he drove part of the time on July 20 as he and the Diemels visited various locations.[1] Then, on July 21, he, while the Diemels' were being held at gunpoint, was ordered by an unnamed individual to drive the rental vehicle to the commuter lot. Defendant never indicated he received permission from the Diemels (namely, Nicholas) to drive the rental vehicle on this occasion. To the extent Defendant suggests the permission granted on July 20 extended to July 21, the Court disagrees because, as the above discussion demonstrates, the facts surrounding Defendant's operation of the vehicle on each day differed significantly.

Moreover, even if the affidavit complied with Defendant's expectations (i.e., the reference to authorized users of the rental vehicle was omitted and the events of July 20 were included), probable cause—which "is not a high bar," *Kaley v. United States*, 571 U.S. 320, 338 (2014)—was established. "Probable cause for an arrest warrant exists when there is a 'substantial probability that a crime has been committed and that a specific individual committed the crime.'" *Odom v. Kaizer*, 864 F.3d 920, 923 (8th Cir. 2017) (quoting *Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007)). Here, the affidavit would have indicated Defendant, alone, operated a vehicle

---

[1] The Court acknowledges some of Defendant's statements indicated the Diemels, Defendant, and another individual drove together on July 21. Yet Defendant's later statements, which provided a disparate description of relevant events, did not include similar information. Because of this and the above analysis, the earlier statements do not undermine the Court's analysis.

6

that did not belong to him. The grant of permission to use the vehicle in materially dissimilar circumstances on July 20 does not upend this conclusion. For these reasons, Defendant is not entitled to a *Franks* hearing or suppression of his post-arrest statements.[2]

### III. CONCLUSION

The Court **OVERRULES** Defendant's objection, (Doc. 44); **ADOPTS** the Report, (Doc. 39), in its entirety as augmented by the above discussion; and **DENIES** Defendant's Motion to Suppress, (Doc. 31.)

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 16, 2022

---

[2] The Court notes the Report addressed many other issues—whether (1) Defendant appropriately supported his assertions, (2) Deputy Lund knowingly and intentionally made a false statement in, or omitted material from, his affidavit, (3) an exception allows use of the evidence, or (4) the causal chain between the arrest and the incriminating statements was broken. While the Court agrees with these aspects of the Report, the above discussion sufficiently disposes of Defendant's objection and motion. Accordingly, an extended analysis of these issues is unnecessary.